IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**TORRANCE DIXON**                                                                               **PETITIONER**

**v.**                                              **CIVIL ACTION NO.: 3:21-cv-490-KHJ-MTP**

**WARDEN SHANNON D. WITHERS**                                     **RESPONDENT**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on a Petition for Writ of Habeas Corpus[1] filed pursuant to 28 U.S.C. § 2241. Having considered the submissions of the parties and the applicable law, the undersigned recommends that the Petition be dismissed without prejudice.

## BACKGROUND

On March 10, 2006, Petitioner was indicted for armed robbery of a motor vehicle in the United States District Court for the Southern District of Georgia. *See* [15-1] at 8-11. He made his initial appearance on April 13, 2006. Petitioner pled guilty and was sentenced to 120 months in the custody of the Bureau of Prisons ("BOP").[2] *Id*. at 20-21.

Prior to his federal indictment, Petitioner was arrested by state authorities in South Carolina for armed robbery. He pled guilty, and in January of 2007, Petitioner was sentenced to serve two separate terms of 10-years of confinement by the State of South Carolina. *Id*. at 27. The sentences were to run concurrently, and Petitioner received credit for time served beginning on the date of his arrest, July 27, 2005. *Id*. at 1, 27.

---

[1] Petitioner initially filed a handwritten Petition that was not sworn. *See* [1]. Petitioner filed an amended Petition on September 16, 2021. *See* [6].

[2] The BOP inmate locator shows that Petitioner was released from custody on November 2, 2022. *See* https://www.bop.gov/inmateloc/ (last visited Jan. 31, 2023).

1

On January 22, 2014, Petitioner was released from state custody and entered exclusive federal custody. *Id*. at 18. According to Respondent, Petitioner did not receive any presentence credit for his federal conviction as all of the previous time he served in custody had been credited to his state sentences. *See* [15] at 3; [15-1] at 2.

On July 26, 2021, Petitioner filed the instant Petition, challenging his sentence calculation. Petitioner argues that he has not been credited for "good time" from April 13, 2006 to October 4, 2006. *See* [6] at 6. Respondent filed a Response [15] arguing, *inter alia*, that the Petition [1] should be dismissed because Petitioner failed to exhaust his administrative remedies prior to filing this action. This matter is now ripe for review.

## ANALYSIS

Prior to seeking habeas relief pursuant to 28 U.S.C. § 2241, a federal inmate must exhaust his administrative remedies through the Federal Bureau of Prisons ("BOP"). *Rourke v. R.G. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993); *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). "[P]roper exhaustion of administrative remedies is necessary," and the exhaustion requirement is not satisfied by "filing an untimely or otherwise procedurally defective grievance or appeal." *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006); *see also Herrera-Villatoro v. Driver*, 269 Fed. App'x. 372 (5th Cir. 2008). There are exceptions to the exhaustion requirement, but these exceptions only apply in "extraordinary circumstances." *Broderick v. Chapman*, 364 Fed. App'x. 111, 112 (5th Cir. 2010). "'Exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action.'" *Fuller*, 11 F.3d at 62 (quoting *Hessbrook v. Lennon*, 777 F.2d 999, 1003 (5th Cir.

1985)). A petitioner seeking waiver of the exhaustion requirement bears the burden of demonstrating the futility of administrative review. *Id*.

Respondent, citing 28 C.F.R. § 542.10 *et seq*., points out that the BOP has a multi-step administrative process for resolving prisoner complaints. Initially, an inmate must attempt to informally resolve the complaint with staff. Thereafter, the inmate must submit a request for administrative remedy to the warden. If the inmate is dissatisfied with the warden's response, he may appeal to the Regional Director. If the inmate remains dissatisfied, he may proceed to the final step in the grievance process, an appeal to the BOP's Office of General Counsel. *See* 28 C.F.R. §§ 542.13—542.15.

Respondent submits a declaration from Michael FiggsGanter, an attorney advisor at FCC Yazoo City, along with records of Petitioner's administrative remedy requests. According to FiggsGanter, Petitioner did not file an administrative remedy request related to additional sentencing credit. *See* [15-2] at 2. Petitioner admits in his Petition that he has not appealed any decision, filed any grievance, or sought administrative remedies based on his claims. *See* [6] at 2. Petitioner did not comply with the BOP's administrative procedural rules and instead attempted to forgo the administrative process by filing his claim directly in federal court. *Id.*

Additionally, Petitioner failed to demonstrate that extraordinary circumstances excuse his failure to exhaust administrative remedies. *See Fuller*, 11 F.3d at 62. The BOP should have an opportunity to consider Petitioner's claim, and consider possible relief, prior to Petitioner's pursuit of his claim in this Court. *See Overshown v. Upton*, 466 F. App'x 361, 361 (5th Cir. 2012) (per curiam) (citing *U.S. v. Dowling*, 962 F.2d 390, 393 (5th Cir. 1992)); *see also Smith v. Withers*, No. 3:21-CV-626-KHJ-MTP, 2022 WL 4483832, at *3 (S.D. Miss. Sept. 27, 2022) ("A prisoner seeking credit for time he served in state custody must exhaust all administrative

3

remedies with the BOP before turning to the courts."); *see Pritchett v. Upton*, No. 3:16-CV-3344-M-BN, 2016 WL 7971334, at *2 (N.D. Tex. Dec. 30, 2016), *report and recommendation adopted,* No. 3:16-CV-3344-M, 2017 WL 327475 (N.D. Tex. Jan. 23, 2017) (dismissing a § 2241 petition *sua sponte* for failure to exhaust administrative remedies where a petitioner indicated in the petition that she failed to exhaust available administrative remedies). As Petitioner has failed to properly exhaust his administrative remedies, his Petition should be dismissed.

## RECOMMENDATION

For the reasons stated above, the undersigned recommends that the Petition for Writ of Habeas Corpus be DENIED and this action be DISMISSED without prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party.  The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions.  Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court*. Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

THIS the 3rd day of February, 2023.

s/Michael T. Parker  
UNITED STATES MAGISTRATE JUDGE